H. C. CHURCHMAN, Trustee, Appellee, v. VICTOR L. WILSON et al., Appellees; INTERNATIONAL HARVESTER COMPANY OF AMERICA, Appellant.

**COVENANTS:** Breach—Insufficient Record. A mortgagee may not
1  maintain an action for damages for breach of the covenant of warranty of title in the mortgage, on a record which fails to show that the mortgage is invalid in any particular.

**COVENANTS:** Breach—Damages—Improper Measure. In an action
2  for damages consequent on a breach of the covenant of warranty of title contained in a mortgage, the *amount of the mortgage* is not the proper measure of damages when the mortgagor received no consideration for executing the mortgage, and when the mortgagee parted with no consideration, except to forbear the enforcement of his judgment against a third party.

Headnote 1:  15 C. J. p. 1316.  Headnote 2:  15 C. J. p. 1317.

Headnote 2:  7 R. C. L. 1167.

*Appeal from Mills District Court.*—J. S. DEWELL, Judge.

DECEMBER 13, 1927.

Suit in equity by a trustee in bankruptcy against the bankrupt and his grantee and against the mortgagee of the grantee, to set aside the deed of the bankrupt to his grantee and the mortgage of the grantee to his mortgagee. There was a decree in the first instance against the bankrupt and his grantee only, setting aside the deed. Thereafter, the defendant-mortgagee, the International Harvester Company, filed a cross-petition against its mortgagor, asking damages on a covenant of warranty contained in its mortgage. The mortgagor filed an answer and cross-bill, asking reformation of the mortgage to the extent of eliminating therefrom the covenant of warranty. Upon a hearing, as between the mortgagee and the mortgagor, the trial court dismissed the cross-petition of the International Harvester Company, mortgagee. From such order said defendant has appealed.—*Affirmed.*

*Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Genung & Genung,* for J. F. Wilson and Mrs. J. F. Wilson, appellees.

EVANS, C. J.—The bankrupt was Victor L. Wilson. His grantee was his brother, James F. Wilson. On December 31, 1924, Victor L. made a voluntary conveyance to his brother, James F., of his undivided one-fourth interest in certain land. On May 4, 1925, the International Harvester Company obtained judgment against Victor L. for $2,900. There were several other judgment-creditors, and proceeding in bankruptcy was imminent. At the request of Victor L., his brother, James F., executed to the International Harvester Company a mortgage upon the one-fourth interest which he had acquired by deed from Victor L. The consideration for the mortgage was the agreement of the proposed mortgagee to forbear enforcement of the judgment. Sometime thereafter, other creditors brought a suit in equity, to set aside the deed to James F., and the mortgage to the International Harvester Company, on the ground that both instruments were fraudulent and void. The International Harvester Company appeared to the action, and denied the fraud. Sometime after December 16, 1925, on which date Victor L. was adjudged a bankrupt, Churchman, the trustee in bankruptcy, was substituted as party-plaintiff, and thereafter prosecuted the action. The defendants Victor L. and James F. Wilson made no defense, but suffered decree setting aside the transfer. No decree or adjudication was had upon the issue made by the answer of the International Harvester Company; nor has any trial or hearing ever been had, as between the plaintiff and such defendant. After the entry of decree against the two Wilson defendants, the International Harvester Company filed its cross-petition against James F. Wilson on the covenants of his warranty, as already indicated. Against this cross-petition James F. defended, both by answer and cross-bill, and trial was had upon the issue thus made. It was upon such trial that the order of dismissal was made, from which the defendant has appealed.

I. Was the defendant entitled to prevail upon its cross-petition? The pleadings are long and the evidence meager. But the record discloses certain impediments in the way of appellant's success, which, in our judgment, are quite conclusive

1. COVENANTS: breach: insufficient record.

against it. For aught that appears in the record, its mortgage is still valid. The decree entered against the Wilsons in favor of the trustee did not purport to invalidate this defendant's mortgage. It is readily conceivable that the mortgage could be good though the title of James F. was subject to attack by other creditors, as a voluntary conveyance. The argument for appellant seems to assume that the scope of the decree so included its mortgage as to render it invalid. If that were correct, and if the decree is to be considered as having sustained the allegations of the petition against this appellant and its mortgage, then it would be adjudged that this appellant obtained its mortgage by "fraud and collusion." Such an adjudication would afford to the appellant a very doubtful standing ground upon which to obtain affirmative relief.

II. The appellant claims no other measure of damage than the amount of its mortgage. If it is not entitled to such measure, then it is entitled to nothing, upon this record, for want of proof

**2. COVENANTS: breach: damages: improper measure.** upon any other basis. The rule is well settled in this state that the measure of damage for breach of warranty of title to real estate is the loss sustained by the grantee, not to exceed the amount of consideration received by the grantor. The consideration for appellant's mortgage was the pre-existing debt of Victor L. and the agreement of appellant to forbear enforcement. This was a sufficient consideration to sustain the validity of the mortgage, though appellee contends otherwise. It was not essential to the validity of the mortgage that the mortgagor should have received the consideration. It was enough that the mortgagee had parted with it. But the nature of the consideration, as here indicated, has an important bearing upon the measure of damage for alleged breach of warranty of title. The mortgagor received no consideration. But let it be conceded, for the sake of the argument, that the mortgagor would be liable under his covenant to the extent of the consideration parted with by the mortgagee. If, upon the faith of this mortgage, the mortgagee had loaned the amount thereof, either to the mortgagor or to another, then it might plausibly be claimed that the measure of the mortgagee's damage was the amount of such consideration. But the mortgage was given to secure an existing judgment against Victor L. The mortgagee parted with nothing. It did agree to forbear.

What damage did it sustain by reason of the forbearance actually extended, pursuant to its agreement? This was its measure. Upon this measure, the record furnishes no data whatever. The date of the filing of the original petition herein, which assailed the deed to James F. and the mortgage to the appellant, is not disclosed in the abstract. Nor does the abstract disclose the date of the filing of the petition asking an adjudication of bankruptcy against Victor L. It is stated in one of the briefs that such date was May 8, 1925. If we accept this date, it would mean that the mortgagee, pursuant to its agreement, forbore enforcement for the intervening time before its mortgage was challenged. Whether during that period, or during any subsequent period, it changed its attitude or lost any opportunity for collection which it otherwise would have had, does not appear. For aught that appears in this record, the acceptance of this mortgage by the appellant resulted in no prejudice to it. If, instead of accepting the mortgage, it had levied execution upon the land, it would have been in no better position as a creditor, under the Federal statutes.

We hold at this point that the face of the mortgage is not the proper measure of damage herein, and that no proof was offered under any other measure. This of itself would forbid a reversal of the decree below.

III. There is another question that lies close to the surface in this case, and which has not been argued by counsel. We mention it only for the purpose of disclaiming any committal upon it.

For the purpose of discussion only, we have assumed that there was a breach of the covenant of warranty of title. In view of the fact that the chain of title was perfect, and that the adverse decree was predicated upon after events (such as the filing of petition in bankruptcy against Victor L.), the question naturally arises whether a case of failure of title, within the meaning of a warranty, is presented. If Victor L. had been solvent, and if there had been no petition in bankruptcy filed against him, the plaintiff's mortgage would not have failed for want of title in the mortgagor. If the appellant had not been an existing creditor, but had been an innocent mortgagee for a present consideration, without knowledge, or reason to believe, that Victor L. was insolvent, its mortgage would not have failed for want of a

good title.   Upon the question thus raised, we intimate no opinion.   We only refer to it, to avoid the possible implication that might be raised by the form of our discussion in the preceding divisions hereof.

For the reason set forth in the preceding divisions, the decree of the court below is affirmed.—*Affirmed*.

DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.